GONZALEZ–GOMEZ v. BROWNELL, Atty. Gen.

Civ. A. No. 15071–WB.

United States District Court
S. D. California, Central Division.
Sept. 8, 1953.

David C. Marcus, Los Angeles, Cal., for petitioner.

Walter S. Binns, U. S. Atty., Clyde C. Downing, Robert K. Grean, Asst. U. S. Attys., Los Angeles, Cal., for respondent.

BYRNE, District Judge.

Gomez seeks a declaration of United States nationality under the provisions of section 1503, Title 8 U.S.C.A., which provides that no action may be instituted under the section if the issue of the petitioner's status as a national arose in connection with any exclusion proceeding.

The respondent moved to dismiss the petition and filed an affidavit asserting that Gomez' status arose in an exclusion proceeding in which he was excluded from entry into the United States on April 7, 1948 and again on July 14, 1950.

The petitioner does not dispute the fact that his status as a national arose in connection with an exclusion proceeding and relies solely on the issue of the constitutionality of the statute. He sums up his position as follows:

"The determination of a person's most prized possession of American citizenship, where it arose in exclusion proceedings or is an issue in exclusion proceedings, would be left solely to the discretion, determination and whim of an executive officer without hope of judicial review or remedy. It would appear that no matter by what manner, means or method the executive determined in exclusion proceedings that there had been loss of citizenship, no method of review or judicial determination of such loss of citizenship is available to a person so deprived of his citizenship. This could hardly be the 'law of the land', nor is it in consonance with the principles enunciated by the Bill of Rights and the Constitution of the United States."

In short his position is that the statute is unconstitutional because it deprives a citizen of his day in court and leaves the determination of his citizenship solely to an administrative determination. It is quite obvious that his argument must fall because his first premise is fallacious. The statute does not deprive *any* citizen of his day in court. It merely limits relief under this *particular* statute to specified situations, and those who do not fall within the provisions of the statute are left to the remedies, such as habeas corpus, which existed prior to its enactment.

Ordinarily a declaratory relief proceeding against the Attorney General to determine the status of citizenship must be brought in the district where the Attorney General has his official residence, viz., the District of Columbia. Congress made an exception in cases specified in section 1503 and provided that such actions may be instituted in the district in which such person resides or claims a residence. This petitioner may not maintain an action under section 1503 as the issue of his status

as a citizen arose in connection with an exclusion proceeding and the statute specifically excludes him from its provisions.

The court having considered the affidavit of the respondent, the motion to dismiss has been treated as a motion for summary judgment as provided in Rule 12(c) F.R.C.P., 28 U.S.C.A.

The respondent will present an appropriate order.