## BELTRAN v. BROWNELL.
### Civ.A.No. 16099.

United States District Court,
S. D. California, Central Division.
March 11, 1954.

David C. Marcus, Los Angeles, Cal., for plaintiff.

Laughlin E. Waters, U. S. Atty., Max F. Deutz, Asst. U. S. Atty., Robert K. Grean, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

MATHES, District Judge.

This cause having come before the court for hearing on motion of defendant, filed February 19, 1954, to dismiss the action, and the motion having been

argued and submitted for decision; and it appearing to the court:

(1) that plaintiff sues "for declaration of United States nationality and for declaratory relief" seeking a judgment "declaring him to be a citizen and national of the United States";

(2) that plaintiff invokes the jurisdiction of this court "under the provisions of section 2201, Title 28, U.S.C.A. and under section 360(a) of Public Law No. 414, 66 Stat. 273" [8 U.S.C.A. § 1503];

(3) that 28 U.S.C. § 2201 authorizing declaratory judgments does not confer any added jurisdiction upon the federal courts but merely enlarges the "range of remedies available", Skelly Oil Co. v. Phillips Co., 1950, 339 U.S. 667, 671, 70 S.Ct. 876, 879, 94 L.Ed. 1194; Southern Pac. Co. v. McAdoo, 9 Cir., 1936, 82 F.2d 121;

(4) that although "Herbert Brownell, Attorney General of the United States" is the defendant named, the action is in legal effect one against the Government, Larson v. Domestic & Foreign Corp., 1949, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628; cf. Morrison v. Work, 1925, 266 U.S. 481, 486–488, 45 S.Ct. 149, 69 L.Ed. 394, and this court has jurisdiction to adjudicate actions against the Government only in instances and under circumstances expressly consented to by the sovereign through act of Congress, Munro v. United States, 1938, 303 U.S. 36, 58 S.Ct. 421, 82 L.Ed. 633; United States v. Clarke, 1834, 8 Pet. 436, 33 U.S. 436, 443, 8 L.Ed. 1001;

(5) that by 8 U.S.C.A. § 1503(a) the Government has consented to be sued in this court in an action such as that at bar only in cases where the controversy as to status did not arise in, and is not in any way connected with, an exclusion proceeding, and there has been final administrative denial within five years of the claimed "right or privilege as a national of the United States", see Gonzalez-Gomez v. Brownell, D.C.S.D.Cal. 1953, 114 F.Supp. 660, 661; cf. Lynch v. United States, 1934, 292 U.S. 571, 582,

54 S.Ct. 840, 78 L.Ed. 1434; Fouts v. United States, 5 Cir., 1933, 67 F.2d 249, 250;

(6) that plaintiff does not allege that either of the conditions to sovereign consent mentioned in paragraph (5) above has been met in the action at bar;

(7) that plaintiff does not seek judicial review of administrative action within any jurisdiction conferred upon this court by the Administrative Procedure Act, 5 U.S.C.A. §§ 1001, 1009, cf. Blackmar v. Guerre, 1952, 342 U.S. 512, 515–516, 72 S.Ct. 410, 96 L.Ed. 534; Heikkila v. Barber, 1953, 345 U.S. 229, 230–233, 73 S.Ct. 603, 97 L.Ed. 972; 28 U.S.C. § 1331; McGrath v. Kristensen, 1950, 340 U.S. 162, 169, 71 S.Ct. 224, 95 L.Ed. 173; Giles v. Harris, 1903, 189 U.S. 475, 485, 23 S.Ct. 639, 47 L.Ed. 909;

(8) that the case does not arise under the Civil Rights Act, 42 U.S.C.A. §§ 1981–1994, so jurisdiction is not conferred by 28 U.S.C. § 1343, cf. Hague v. C. I. O., 3 Cir., 1939, 101 F.2d 774, 787–790 modified and affirmed, 1939, 307 U.S. 496, 506–514, 527–532, 59 S.Ct. 954, 83 L.Ed. 1423;

(9) that since this court has no general grant of jurisdiction over the status of aliens or nationals or citizens, see Grace v. American Central Ins. Co., 1883, 109 U.S. 278, 3 S.Ct. 207, 27 L.Ed. 932, and the Government has not waived sovereign immunity to suit under the circumstances alleged, jurisdiction is lacking at bar over both the subject matter of the action and the person of the defendant in his official capacity, cf. Long v. United States, D.C.S.D.Cal. 1948, 78 F.Supp. 35;

(10) that if the action could be construed as a suit against Herbert Brownell in his individual capacity, jurisdiction over the subject matter would exist, assuming the requisite amount is involved, because "the matter in controversy * * * arises under the Constitution, laws or treaties of the United States", 28 U.S.C. § 1331, but present jurisdiction of this court over

the person of the defendant, *qua* individual, would remain lacking, cf. McGrath v. Kristensen, 1950, supra, 340 U.S. at page 169–170, 71 S.Ct. 224; Williams v. Fanning, 1947, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95; Perkins v. Elg, 1938, 69 App.D.C. 175, 99 F.2d 408, 409–410, 413–414, modified and affirmed, 1939, 307 U.S. 325, 328, 349–350, 59 S.Ct. 884, 83 L.Ed. 1320; National Conf. etc. Lotteries v. Goldman, 2 Cir., 1936, 85 F.2d 66;

It is ordered that defendant's motion to dismiss for lack of jurisdiction over both the subject matter and the person of the defendant is hereby granted, Fed. Rules Civ.Proc. Rule 12(b) (1), (2), (h), 28 U.S.C.A.

It is further ordered that the defendant serve and lodge with the Clerk within five days a judgment of dismissal to be settled under local rule 7.

It is further ordered that this dismissal shall not operate as an adjudication upon the merits, Fed.Rules Civ.Proc. Rule 41(b), 28 U.S.C.A., and the judgment shall so provide.

It is further ordered that the Clerk this day serve copies of this order by United States mail upon the attorneys for the parties appearing in this cause.