**Alphonso D'ADDINO, Plaintiff,**

v.

**John Foster DULLES, Secretary of State of the U.S.A., Herbert Brownell, Jr., Attorney General of the U.S.A., Defendants.**

**Civ. No. 14368.**

United States District Court
E. D. New York.
Nov. 3, 1954.

tion proceeding. In its decision on that motion, dated August 11, 1954, this Court denied the motion upon the ground that Section 1503 did not encompass a case involving a deportation proceeding.

The defendants, by motion returnable on August 4, 1954, herein called the second motion, sought a reargument of the first motion upon the ground that the Court overlooked items (b) and (c) of the first motion. In its decision on the second motion, dated September 22, 1954, this Court granted such reargument. The Court had not considered the said items (b) and (c) for the obvious reason that the defendants ignored them in their brief.

The defendants, by notice of motion, returnable on October 6, 1954, herein called the third motion, sought dismissal of the complaint under Rule 12(b) (6) upon the ground that the complaint failed to state a claim upon which relief may be granted. In the accompanying affidavit, the defendants term the third motion, a motion for summary judgment. The said rule permits the Court to treat such a motion for dismissal as a motion for summary judgment. The Court, pursuant to Rule 12(b, g), orders that the three motions be consolidated, at the same time pointing out that all of the claims of the defendants should have been incorporated in a single motion, thus avoiding the duplication of effort and the voluminous papers now before the Court, containing considerable repetitious matter. The grounds stated in the third motion are as follows:

(a) The said judgment is res adjudicata of this action.

(b) The judgment may not be attacked collaterally.

(c) The plaintiff has no cause of action under Section 1503.

(d) The Court has no jurisdiction over the defendant, the Attorney General.

The plaintiff, in his amended complaint, alleged that he was born in Italy and resided in Brooklyn, New York, at the time of the commencement of the

---

Peter C. Giambalvo, Brooklyn, N. Y., for plaintiff.

Leonard P. Moore, U. S. Atty., Eastern Dist. of New York, Brooklyn, N. Y., for defendant and Margaret E. Millus, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

BRUCHHAUSEN, District Judge.

The defendants, by motion returnable on July 7, 1954, herein called the first motion, sought a dismissal of the complaint upon the ground that the Court had no jurisdiction of the action for the following reasons, viz.:

(a) The action was founded upon a statute which had been repealed.

(b) The complaint attacked the validity of a judgment against the plaintiff in the Southern District Court. A judgment may not be attacked collaterally.

(c) The said judgment is res adjudicata as to this action.

Upon the argument of the motion, it was pointed out that the action was founded upon a later statute, 8 U.S.C.A. § 1503 and not upon the repealed statute.

In their brief, the defendants urged a single point, that the Court had no jurisdiction under Section 1503 because the plaintiff was detained in a deporta-

action; that jurisdiction of this Court is invoked under 8 U.S.C.A. § 1503; that the plaintiff became a citizen of this country in 1918; that he went to Italy in 1921 and returned in 1926; that he was repatriated in 1927; that he again went to Italy in 1929 and returned to this country in 1952; that from 1933 to 1952 he made various efforts to obtain travel documents from the United States Consul in Italy and that they were refused upon the ground that plaintiff lost his nationality by reason of his long residence in Italy and voting in an election in Italy in 1946; that upon his return to the United States in 1952 he filed an application for repatriation and took the oath therefor and that he was then informed that he could not be repatriated because of his participation in the said election in Italy; that he is now detained at Ellis Island on a warrant of deportation; that he learned at the deportation hearing that a judgment, founded upon his written consent, was entered against him in 1940, cancelling his citizenship, also that the Court, in 1952, denied plaintiff's petition for repatriation; that, if such consent was procured, it was obtained by fraud and duress; that plaintiff voted in the Italian Election involuntarily and under fraud and duress and that plaintiff was permitted to enter this country to afford him an opportunity to have his citizenship determined and that judgment should be entered, declaring that plaintiff is a citizen of the United States.

 The principal issue upon the consolidated motion pertains to the validity of the judgment, entered in 1940, cancelling the plaintiff's citizenship. The fact is that an action was commenced by The United States of America, as plaintiff, against the above mention Alphonso D'Addino, as defendant, in the United States District Court for the Southern District of New York. A judgment was entered therein on November 4, 1940, cancelling and setting aside the certificate of naturalization, issued to the said Alphonso D'Addino, dated October 31, 1927. It does not appear that the summons and complaint were served upon said D'Addino. Attached to the judgment is a waiver and consent, purporting to have been signed by said D'Addino, dated September 11, 1939, witnessed by William E. Cole, Jr., a Vice Consul of the United States, consenting to the entry of a decree setting aside and cancelling the aforesaid certificate of naturalization and consenting that such decree be entered without further notice. If the consent, upon which jurisdiction in the action was founded, was obtained by fraud and duress and was not the voluntary act of D'Addino, the judgment is vulnerable and its validity may be questioned, if the issue be properly raised and presented. The doctrine of res adjudicata does not, under ordinary circumstances, attach to a judgment in an action wherein the Court did not have jurisdiction of the parties or a party, to be charged therewith. It may well be that D'Addino's claim is specious but it does involve a question of fact. The defendants contend that the plaintiff may not attack the judgment collaterally in this action. Such is the general rule but the rule has been modified in so far as it affects proceedings in the Federal Court. Rule 60(b) of the Federal Rules of Civil Practice provides that a Federal Court has jurisdiction to entertain an independent action to relieve a party from a judgment. See also Hadden v. Rumsey Products, 2 Cir., 196 F.2d 92; and Moore's Federal Practice (2d Edition) Vol. 6, pages 4008, 4009. Nevertheless the judgment is binding upon the plaintiff in this action for the reasons that the said action is not an independent or separate action, as contemplated by the said Rule 60(b), and the United States of America, the party procuring the judgment, is not a party to this action.

 Any denial of rights of the plaintiff, occurring prior to his entry into the United States, is not within the scope of 8 U.S.C.A. § 1503. Correia v. Dulles, D.C.R.I., 129 F.Supp. 533. The Attorney General in an action under that section

may be sued in the district of the plaintiff's residence. Gonzalez-Gomez v. Brownell, D.C., 114 F.Supp. 660.

Inasmuch as the plaintiff under the 1940 judgment was adjudged not to be a citizen of this country, he is barred in his attempt to obtain another adjudication in this action.

The prior order herein, denying the defendants' motion to dismiss the complaint, is vacated and the defendants' consolidated motion for summary judgment is granted.