**LOUIS CHEN SUN, Plaintiff,**

v.

**Herbert BROWNELL, Jr., Attorney General of the United States and Edward J. Shaughnessy, District Director of Immigration and Naturalization Service, New York, Defendants.**

**Civ. A. No. 14868.**

United States District Court,
E. D. New York.

Jan. 14, 1955.

9. U. S. ex rel. Adel v. Shaughnessy, supra, 183 F.2d at pages 372–373.

Sidney Rogers Lubin, New York City, for plaintiff.

Leonard P. Moore, U. S. Atty., for the Eastern District of New York, Brooklyn, N. Y., by Margaret E. Millus, Asst. U. S. Atty., Brooklyn, N. Y., for defendants.

BYERS, District Judge.

There are two motions here involved:

(a) Plaintiff seeks an order to restrain Shaughnessy, District Director of Immigration, from serving a warrant of arrest upon the plaintiff and from questioning him in a deportation proceeding, pending the decision of this case, in which a declaratory judgment is sought.

(b) Defendants seek summary judgment under Rule 12(b) (6) of the F.R. C.P., 28 U.S.C.A.

The defendants' motion will be granted, and the plaintiff's denied.

The reason for this disposition is that it appears from the complaint and the affidavits pro and con, that the plaintiff's cause has been prematurely insti-tuted, since it is without support in the statute upon which it purports to rest, Tit. 8 U.S.C.A. § 1503. It is legally possible that it may never become necessary for the plaintiff to seek a declaratory judgment concerning his United States citizenship, since deportation proceedings have been instituted but no hearing has been held. It is to interfere therewith that the restraining order is sought.

This court does not possess the power to interfere in the conduct of that purely administrative proceeding, nor does the declaratory judgment statute purport so to operate. Beltran v. Brownell, D.C., 121 F.Supp. 835.

Unless and until the plaintiff shall have exhausted his administrative remedies, his status will not have been so defined as to enable him to seek statutory judicial relief. This aspect of the matter is not altered by the action of the Department in connection with his petition for a visa for the benefit of his wife who is now in China. The reason for the action taken in that connection would seem to require reexamination in the deportation proceeding, since there is an obvious conflict between the denial of a visa for the wife on the ground that her husband, this plaintiff, is not a citizen, and the earlier departmental decision of that question to the contrary effect. Thus it would seem that the fundamental issue is common to both proceedings. If the defendants' position is understood, the denial of the visa is but an oblique determination which would not support deportation of the plaintiff whose citizenship has once been recognized. Deportation would be ordered only in what is to be considered as a new trial, based upon newly discovered evidence, the outcome of which may or may not accomplish a redetermination of the citizenship question.

It is assumed by the court that there is warrant in the regulations for such equivalent of a new trial. If it should turn out that there is none, or that the alleged newly discovered evidence is legally insufficient or otherwise not persuasive, it is to be expected that departmental action will result in the plaintiff's

686

favor; and further, that in such event the present ruling as to the visa for the wife will necessarily be set aside. All that is decided on this motion is that the court has not been clothed by the statute with power to interfere with and in effect prevent the Director of Immigration and Naturalization from conducting deportation proceedings under the circumstances disclosed in the papers constituting the present record.

Obviously there is no purpose to foreclose the plaintiff in the exercise of such rights as the law provides, once the deportation proceedings have been finally determined.

Plaintiff's motion denied; defendants' motion granted. Settle order.