**Armando Valenzuela NEVAREZ, individually and as next friend of Maria Magdalena Valenzuela, a minor, et al., Appellants,**

v.

**Herbert BROWNELL, Jr., Attorney General of the United States, etc.,**
**Appellee.**

**No. 15153.**

United States Court of Appeals,
Fifth Circuit.

Jan. 21, 1955.

Rehearing Denied Feb. 24, 1955.

Albert Armendariz, El Paso, Tex., for appellants.

Francis C. Broaddus, Jr., Asst. U. S. Atty., El Paso, Tex., Charles F. Herring, U. S. Atty., Austin, Tex., Holvey Williams, Asst. U. S. Atty., El Paso, Tex., for appellee.

Before BORAH and TUTTLE, Circuit Judges, and DAWKINS, District Judge.

DAWKINS, District Judge.

Appellant went to Mexico from this country when it entered the second world war in 1941. In 1948 he attempted to re-enter but was excluded on the ground that his absence was for the purpose of avoiding military service [1] and this order was affirmed administratively.

On February 2, 1950, appellant entered the United States at El Paso by declaring himself a citizen, was apprehended and, after hearing on April 6, 1951, was ordered deported. This order was also affirmed by the Board of Immigration Appeals, and appellant then brought suit (No. 1317) in the court below against the then Attorney General, McGrath, on February 20, 1952, for declaratory judgment that he is a citizen of the United States, alleging that he was born here. He failed to substitute the new Attorney General (Brownell) as the defendant as required by Rule 25(d) of Federal Rules Civil Procedure, 28 U.S.C., and that suit, on the motion of the Government, was dismissed July 27, 1953.

On September 14, 1953, he filed an identical suit (No. 1505) against Brownell, Attorney General, and without answering to the merits, the latter moved to dismiss on the grounds (1) the complaint failed to state a cause for relief, and (2) the Court was without jurisdiction of the parties or the subject matter, citing 8 U.S.C.A. § 1503, which excludes from the right to bring an action for declaratory judgment cases where the question of nationality was raised in proceedings had before the filing of the suit.[2] The motion further alleged:

"That subject, attempting to enter at Presidio, Texas, November 8, 1948 was held for hearing before a Board of Special Inquiry. The hearing was set for November 18, 1948 and when subject appeared he requested that the hearing be not opened at Presidio, so that he could apply for admission at El Paso, Texas, instead of Presidio, in order to minimize the expense of retaining a lawyer to represent him before the Board. Whereupon the case was transferred to El Paso, Texas, and plaintiff did appear before the Board at El Paso, Texas on November 30, 1948, and was excluded. Issues concerning the nationality and status of said plaintiff arose for the first time in said

---

1. Formerly Sec. 401(j) of the Nationality Act of 1940, 8 U.S.C.A. § 801(j), now Sec. 349(a) (10), Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1481 (a) (10).

Generally means of losing United States Nationality:

"* * * departing from or remaining outside of the jurisdiction of the United States in time of war or during a period declared by the President to be a period of national emergency for the purpose of evading or avoiding training and service in the military, air, or naval forces of the United States. * * *."

2. "* * * except that no such action may be instituted in any case if the issue of such person's status as a national of the United States (1) arose by reason of, or in connection with any exclusion proceeding under the provisions of this chapter or any other act, or (2) is in issue in any such exclusion proceeding."

hearing before the Board of Special Inquiry of the Immigration and Naturalization Service at El Paso, Texas. Defendant alleges that the issues of the plaintiff's status as a national of the United States arose by reason of and in connection with the heretofore described exclusion proceeding."

The allegations of this motion were supported by the affidavit of the Acting District Director, Immigration and Naturalization Service at El Paso, Texas.

Thereupon appellant filed a motion for summary judgment on the ground that, although Brownell had been duly cited, no answer had been filed and plaintiff was entitled to prove the allegation that he was a citizen of the United States, as on default.

On April 21, 1954, the Court below sustained the Government's motion to dismiss on both grounds (1) lack of jurisdiction and (2) failure to state a claim for relief.

Appellant contends that his first suit was filed before the Immigration Act of 1952 became effective; that the present complaint is a continuation of the first, and under the saving clause of that statute he is entitled to proceed. He further asserts that he is not seeking admission to the United States, but resisting deportation, and for which reason the lower court had jurisdiction under Title 8 U.S.C., former Section 903 and Title 28 U.S.C. § 2201; and in the alternative he claims jurisdiction under Title 5 U.S.C.A. § 1009. He further insists that, according to the allegations of his complaint he is a native born citizen of this country and as such not subject to deportation from the United States, and that Congress could not take that citizenship away, either by the administrative procedure followed below, or for absenting himself for any purpose from the United States.

The parties stipulated the following facts:

"I. That the Plaintiff, Armando Valenzuela Nevarez, filed on the 20th day of February, 1952 in the United States District Court for the Western District of Texas, El Paso Division, under Civil Action No. 1317, a cause of action seeking the same relief as is set out in this cause, to wit: a declaratory judgment of American citizenship.

"II. That the aforesaid Court, in due order, set the said cause for hearing before a jury for the week of Monday, April 21, 1952, and that under motion made by the Defendant, the said cause was passed for future setting.

"III. That on July 28, 1953, cause No. 1317 was dismissed by order of the Court under motion made by the Defendant based on rule 25D, a copy of which is attached hereto and made a part hereof, calling for substitution of the new Attorney General within a specified time, which the Plaintiff had failed to do.

"IV. That such failure by the Plaintiff to substitute the new Attorney General was due to inadvertence and not to an abandonment of his cause of action.

"V. That on September 15, 1953, the Plaintiff filed this cause of action."

In the present case it is clear that the question of appellant's nationality or citizenship was raised when he first sought admission to this country in 1948, and under the express provisions of Section 1503 of Title 8 U.S.C.A. (actions for declaratory judgment) he cannot bring a suit for declaratory judgment. He came into the country in violation of the orders excluding him and cannot now take advantage of his own illegal action to give the court jurisdiction. The validity of statutory provisions similar to those involved here where persons sought entry to the country from the outside have been uniformly sustained. United States v. Ju Toy, 198 U.S. 253, 25 S.Ct. 644, 49 L.Ed. 1040. Appellant's remedy, if any, is through

writ of habeas corpus. Heikkila v. Barber, 345 U.S. 229, 73 S.Ct. 603, 97 L.Ed. 972; Gonzalez-Gomez v. Brownell, D.C., 114 F.Supp. 660. We therefore express no opinion on the question of constitutionality.

The judgment below is

Affirmed.