Alessandro ORLASSINO, Plaintiff,

v.

John Foster DULLES, United States Secretary of State, Defendant.

Civ. 14415.

United States District Court
E. D. New York.

Nov. 29, 1955.

Fleischmann, Stokes & Hitchcock, New York City, Ethan A. Hitchcock, New York City, of counsel, for plaintiff.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., Margaret E. Millus, Asst. U. S. Atty., Brooklyn, N. Y., of counsel, for defendant.

RAYFIEL, District Judge.

This action was brought under the Immigration and Nationality Act, 8 U.S. C.A. § 1503(a), and the Declaratory Judgments Act, 28 U.S.C. § 2201. The defendant moved, under Rule 4(d) (5) and Rule 12(b) (6) of the Federal Rules of Civil Procedure, 28 U.S.C., to dismiss the amended complaint herein.

The facts, briefly, are as follows: The plaintiff was born in the United States on November 1, 1905. He was taken to Italy in 1921, and in 1927 he was conscripted into the Italian Army. In 1929 the plaintiff, claiming to be a native born citizen, made application to the United States Consul in Turin, Italy, for a passport. The application was denied on the ground that he had forfeited his United States citizenship by reason of his service in the

Italian Army. He continued to reside in Italy and voted in the Italian elections in 1946 and 1948. In 1949 he again made application to the United States Consul in Turin for registration as an American citizen and for a passport. The Consul denied the application on May 24, 1949, and issued a Certificate of Expatriation, wherein it was stated that the plaintiff had expatriated himself by reason of the fact that he had taken an oath of allegiance to the King of Italy when he was conscripted for military service. No reference was made in said Certificate to his participation in the Italian elections of 1946 and 1948, despite the fact that that information was contained in his aforementioned 1949 application to the Consul. The said Certificate of Expatriation was approved by the Department of State.

In June, 1949, he entered the United States on an Italian passport in a non-immigrant status and, except for brief business trips to Italy, has resided here since that time.

In May, 1954, and within the period provided therefor in 8 U.S.C.A. § 1503 (a), supra, the plaintiff commenced the instant action. On June 17, 1954, while in the United States, he applied to the State Department for a revocation of the Certificate of Expatriation issued in 1949 and for a determination that he was a citizen of the United States.

The Department of State reviewed the matter and decided that he had expatriated himself, not, however, because he had served in the Italian army and taken an oath of allegiance to the Government of Italy, the grounds upon which the aforementioned Certificate of Expatriation had been issued, but, rather, because he had voted in the Italian elections of 1946 and 1948.

After the said determination the plaintiff sought and obtained leave to file and serve an amended complaint, which set forth the foregoing facts. It is to that amended complaint that the defendant has addressed the instant motion.

The Government bases its attack on two grounds: first, that the amended complaint was not properly served, and, second, that the plaintiff was not in the United States when he was denied the right or privilege claimed by him, as required by section 1503(a) of Title 8 U.S.C.A. Upon the argument of the motion the Government abandoned the first of said contentions. As to the second, the Government argues that an action under section 1503(a) of Title 8 U.S.C.A. will not lie unless the person aggrieved was denied the right or privilege claimed by him while *within* the United States. The statute, in pertinent part, reads as follows: "If any person who is within the United States claims a right or privilege as a national of the United States and is denied *such* right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action under the provisions of section 2201 of Title 28, against the head of such department or independent agency for a judgment declaring him to be a national of the United States".

The Government's position is summed up in the reply brief submitted in support of this motion. It contends, at page 4 thereof, that "in August, 1954 the State Department did not deny plaintiff any right or privilege as a United States citizen. The denial of a right or privilege occurred in Italy in 1949 when the American Consulate refused to issue plaintiff a United States passport. The adherence by the State Department in August, 1954 to its 1949 determination that plaintiff had expatriated himself did not bring to fruition rights which plaintiff may have had in 1949 but which had ceased to exist with the enactment of Section 360 of the Immigration and Nationality Act of 1952 (8 U.S.C. 1503)." In other words, the Government claims that the Department of State's decision of August 4, 1954, was not a determination of plaintiff's application of June 17, 1954, but a modification of its decision of 1949. However, paragraph 12 of the supplemental and amended complaint

reads as follows: "The Department of State entertained said application of the plaintiff, reviewed the aforesaid grounds specified as the sole basis for its issuance of the said Certificate of Expatriation of 1949, (plaintiff's entry into Italian military service and his oath of allegiance to the Government of Italy) and by its determination dated August 4, 1954 both: (i) reversed its prior determination by finding that plaintiff may properly be regarded as having served in the Italian military service under circumstances amounting to duress and that such service and the oath of allegiance incident thereto should not be considered to have expatriated plaintiff as a citizen of the United States; and (ii) held that plaintiff lost his nationality of the United States by having voted in a political election held in Italy on June 2, 1946, although such basis for loss of nationality was not asserted in said 1949 Certificate of Expatriation and the Department of State prior to its approval of said Certificate was fully apprised by the plaintiff of his having so voted." (Matter within parenthesis added.) Viewing those allegations in the light most favorable to the plaintiff, as I should in the determination of this motion, it would appear that the plaintiff was in the United States when the State Department made its decision of August 4, 1954.

The facts in the case at bar are clearly distinguishable from those in the cases of Correia v. Dulles, D.C., 129 F. Supp. 533, and D'Addino v. Dulles, D.C., 136 F.Supp. 417, by my colleague, Judge Bruchhausen, cited by the Government in support of its position. The plaintiff in each of said cases, unlike the plaintiff in the case at bar, was, in fact, out of the United States when the Department of State made its determination of expatriation.

Accordingly, the Government's motion is denied.

The plaintiff, by cross motion, moved to amend paragraph 10 of the amended complaint. That motion is granted.

Settle order on notice.