## UNITED STATES ex rel. BAGLIVO v. DAY, Commissioner of Immigration.

District Court, S. D. New York. July 10, 1928.

Gaspare M. Cusumano, of New York City, for relator.

Charles H. Tuttle and Leon E. Spencer, both of New York City, for the United States.

BONDY, District Judge. Pietro Baglivo was excluded as an alien not in possession of an immigration visa, and as one who admits the commission of the crime of perjury, involving moral turpitude.

It appears conclusively, and it is not denied, that he was born in Scranton, Pa., in November, 1905. He went to Italy in 1906, and has remained there ever since. From May, 1925, to September, 1926, he was in the Italian military service. The government contends that, by taking an oath of allegiance to the Italian government and entering the Italian military service at a time when the United States was not at war, he expatriated himself.

It is not material whether he was forced into military service against his will, or entered it voluntarily, because he was under the age of 21 years during all the time of such service. A native-born citizen, who has not attained the age of 21 years, cannot renounce allegiance to the United States.

In a letter addressed to the American diplomatic and consular officers by Hon. Charles E. Hughes, Secretary of State, November 24, 1923, he stated that the taking of an oath of allegiance to a foreign country by an American national during minority, and when the United States is at peace, cannot be deemed by itself as serving definitely to expatriate him as an American. Judge John Bassett Moore states that the mere fact of entering into foreign military service does not divest either nationality or domicile, nor amount to renunciation of American citizenship. Moore, Int. Law Digest, vol. 3, p. 730 et seq.

The fact that Baglivo improperly used a passport which was wrongfully taken from the office of the consul general in Naples, and that he may have committed perjury in his endeavor to gain admission into the United States, may afford grounds for criminal prosecution. It does not afford ground for the exclusion of one born in the United States, who has never renounced his allegiance thereto.

The writ, therefore, must be sustained.