FEDERICI v. CLARK, Atty. Gen. of the United States, et al.

Civ. A. No. 7895.

United States District Court
W. D. Pennsylvania.

Sept. 21, 1951.

Harry S. Kalson, Pittsburgh, Pa., for the plaintiff.

Edward C. Boyle, U. S. Atty., Elliott W. Finkel, Sp. Asst. to the U. S. Atty., Pittsburgh, Pa., for the defendants.

FOLLMER, District Judge.

Plaintiff, under the provisions of the Act of October 14, 1940, c. 876, Title I, Subchap. V, § 503, 8 U.S.C.A. § 903, instituted the present action for a judgment declaring him to be a national of the United States.

Findings of Fact.

1. The plaintiff, Giuseppe Federici, was born at Republic, Pennsylvania, on February 10, 1914, and claims a permanent residence in the City of Pittsburgh, in the Western District of Pennsylvania.

2. At or about May 1, 1921, Giuseppe Federici's parents, who had retained their Italian citizenship, took him to Italy, where they continued to reside until the events hereafter related occurred.

3. While attending school in Italy, at 14 years of age and until he reached the age of 18, plaintiff was a member of the Operai Nationale Bellini, a youth branch of the Fascist party. Membership was compulsory but he did not wear a uniform, which was optional, and did not occupy any offices therein.[1]

4. Plaintiff protested and was successful in not becoming a member of the Giovane Fasciste which covered the age groups of 18 to 21 years.

5. When plaintiff attained the age of 21, he did not join the Fascist Party, and was never a member thereof.

6. Three or four months prior to April 5, 1935, plaintiff accompanied a brother, Eliseo,[2] to the American Consulate with reference to their anticipated induction into the Italian Army. The brother Eliseo was better versed in the English language and conducted the interview. They were advised to submit to induction and report to the Consul after their discharge.

7. Plaintiff "was called up on April 5, 1935, to serve his (obligatory) term of service with the Armed Forces" of Italy and when the oath of allegiance to Italy was administered to his group in June 1935, he feigned illness and was in the hospital. His service in the Italian Army was involuntary and under compulsion.

8. Plaintiff did not vote in any political election in Italy.

9. After plaintiff's release from the Army he was ill for some time with malaria and upon his recovery he made application to the United States Department of State (through the American Consulate at Rome) for registration as an American citizen, which was refused and a certificate of expatriation entered against him.

10. The Department of State, although not an original defendant, subsequently entered its appearance as an additional defendant in order that the issue involved

---

1. Since he did not attain his majority until shortly before his induction into the Army in 1935, prior to the Nationality Act of 1940, 8 U.S.C.A. § 501 et seq., the rule stated in United States ex rel. Baglivo v. Day, D.C.S.D.N.Y., 28 F.2d 44 is applicable. Cf. Miranda v. Clark, 9 Cir., 180 F.2d 257.

2. Born in Edenboro, Pennsylvania, June 14, 1916.

might be fully disposed of without any doubt as to jurisdiction since the subsequent matters in the Immigration and Naturalization Service were predicated upon the original State Department action.

### Conclusions of Law.

1. Jurisdiction of this action is in the United States District Court for the Western District of Pennsylvania under the provisions of 8 U.S.C.A. § 903.

2. Plaintiff's service in the armed forces of Italy was involuntary and not within the provisions of 8 U.S.C.A. § 801(c).

3. Under the provisions of 8 U.S.C.A. § 903 plaintiff is entitled to a judgment declaring him to be a national of the United States.

### Discussion.

Section 401 of the Nationality Act of 1940, 8 U.S.C.A. § 801, provides, inter alia:

"A person who is a national of the United States, whether by birth or naturalization, shall lose his nationality by:

\* \* \* \* \* \*

"(b) Taking an oath or making an affirmation or other formal declaration of allegiance to a foreign state; or

"(c) Entering, or serving in, the armed forces of a foreign state unless expressly authorized by the laws of the United States, if he has or acquires the nationality of such foreign state; or \* \* \*."

The Nationality Act of 1940, including its repeal of Section 2 of the Citizenship Act of 1907, took effect January 13, 1941.[3] Section 2 of the Act of March 2, 1907, provided "That any American citizen shall be deemed to have expatriated himself when he has been naturalized in any foreign state in conformity with its laws, or when he has taken an oath of allegiance to any foreign state." 34 Stat. 1228.

The induction into the Italian Army, at which time the oath of allegiance was alleged to have been taken, was prior to January 13, 1941, but the military service continued beyond that date.[4] In the application of either act, however, certain fundamental principles apply. If the overt acts constituting renunciation were freely and voluntarily done, the person is bound by whatever the legal consequences of those acts may be and the undisclosed intent of the party is immaterial. But where such act is involuntary or under duress, it does not result in a loss of American nationality.[5]

Plaintiff's induction into the Italian Army was clearly compulsory and did not involve the exercise of his free will. Having found that he did not take the oath of allegiance,[6] discussion as to what would constitute an involuntary oath is not pertinent.[7]

Plaintiff, a native born American national, did not therefore voluntarily commit any act constituting a renunciation of his citizenship. A decree will be entered accordingly.

3. Savorgnan v. United States, 338 U.S. 491, 503, 70 S.Ct. 292, 94 L.Ed. 287.

4. The changes in the law with reference to minors are not involved since plaintiff was 21 on February 10, 1935, prior to his induction.

5. Doreau v. Marshall, 3 Cir., 170 F.2d 721; Savorgnan v. United States, 338 U.S. 491, 70 S.Ct. 292, 94 L.Ed. 287; Perkins, Secretary of Labor, v. Elg, 307 U.S. 325, 59 S.Ct. 884, 83 L.Ed. 1320; Dos Reis ex rel. Camara v. Nicolls, 1 Cir., 161 F.2d 860; In re Gogal, D.C. W.D.Pa., 75 F.Supp. 268.

6. There is no record of the Italian Army showing any oath of allegiance taken by plaintiff. The only basis for the charge that an oath was taken is a statement to that effect in an affidavit accompanying the application for registration as an American citizen. A clerk in the office of the Consul typed the portion of the document containing this statement after asking some questions. Plaintiff's command of the English language was not good and he did not read the affidavit after it was typed. With the benefit of observing plaintiff on the witness stand, it is concluded that such statement was erroneously entered on the application through a misunderstanding. Plaintiff's testimony as to what actually occurred at the time the oath of allegiance was administered to his company appears to be the truth.

7. See discussion of this question in Tomasicchio v. Acheson, D.C.D.C., 98 F. Supp. 166.