**Jaime CORREIA, Plaintiff,**

**v.**

**John Foster DULLES, Secretary of State, Defendant.**

**Civ. A. No. 1550.**

United States District Court,
D. Rhode Island.

March 29, 1954.

Donald O. Burke, Providence, R. I., for plaintiff.

Jacob S. Temkin, U. S. Atty., Henry R. DiMascolo, Asst. U. S. Atty., Providence, R. I., for defendant.

DAY, District Judge.

The plaintiff herein seeks a declaratory judgment that he is a national of the United States and alleges jurisdiction under section 2201 of Title 28 United States Code. However, it is clear that the complaint is brought pursuant to the provisions of Section 1503(a) of Title 8 United States Code Annotated, which authorizes a person under certain conditions to institute an action under the provisions of section 2201 of Title 28 for a judgment declaring him to be a national of the United States.

The plaintiff alleges that he was born in the United States on August 18, 1926; that he was taken by his mother, his father having died, on December 3, 1931, to live with her parents in the Azores; that he is a native born citizen of the

United States; that he remained in the Azores and was inducted into the armed forces of Portugal against his will and that he has always claimed to be a citizen of the United States; that he married while in the Azores and has a wife and child residing there who desire to join him in the United States; that he entered the United States for permanent residence as a non-quota immigrant on April 23, 1952; that the American Consul at Ponta Delgarda, Azores, had refused prior thereto to permit him to return to the United States as a citizen of the United States claiming that he had lost his United States citizenship and United States nationality by service in the armed forces of a foreign state; that the action of the American Consul was erroneous because the plaintiff's service in the army of Portugal was involuntary and under duress. The plaintiff then prays that this Court will adjudge him to be "a National of the United States of America and a Citizen of the United States of America". The complaint was filed in this court on March 16, 1953.

The defendant has moved to dismiss upon the ground, among others, that the complaint fails to allege that any right or privilege of the plaintiff as a national of the United States was denied to him on the ground that he was not a national of the United States *while he was in the United States*. (Emphasis supplied.)

The pertinent language of section 1503 (a) of Title 8 United States Code Annotated is as follows: "If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national, of the United States, such person may institute an action under the provisions of section 2201 of Title 28, against the head of such department or independent agency for a judgment declaring him to be a national of the United States, except that no such action may be instituted in

any case if the issue of such person's status as a national of the United States (1) arose by reason of, or in connection with any exclusion proceeding under the provisions of this chapter or any other act, or (2) is in issue in any such exclusion proceeding. * * *"

Under the "Immigration and Nationality Act" 8 U.S.C.A. § 1101 et seq., which became effective on December 24, 1952, the right to maintain an action for a declaratory judgment of nationality has been sharply restricted. Such an action may be maintained only as expressly provided in section 1503(a) of Title 8 United States Code Annotated, hereinbefore set forth. Avina v. Brownell, D.C.S.D.Tex.1953, 112 F.Supp. 15; Vasquez v. Brownell, D.C.W.D.Tex.1953, 113 F.Supp. 722; Gonzalez-Gomez v. Brownell, D.C.S.D.Cal.1953, 114 F.Supp. 660; D'Argento v. Dulles, D.C.Wash.D.C.1953, 113 F.Supp. 933.

It is clear in the present case that the right or privilege claimed by the plaintiff as a national was not denied to him upon the ground that he was not a national while the plaintiff was in the United States. The denial alleged by the plaintiff occurred *before* his entry into the United States. It follows that the plaintiff has failed to state a cause of action for which relief may be had under said section 1503(a).

While it is true that at the time of the alleged denial of the right of the plaintiff as a national he could have maintained under the then existing laws an action for a declaratory judgment under section 2201 of Title 28 United States Code this remedy was terminated upon the effective date of the "Immigration and Nationality Act" Avina v. Brownell, supra; Ng Gwong Dung v. Brownell, D.C.S.D.N.Y.1953, 112 F.Supp. 673. This action was not instituted until March 16, 1953.

It is the Court's conclusion that the complaint does not state a cause of action which may be maintained against the defendant under section 1503(a) of Title 8 United States Code Annotated. The defendant's motion to dismiss is granted.