Onofrio **FICANO**, Plaintiff,

v.

John Foster **DULLES**, Secretary of State of the United States of America, Defendant.

Civ. No. 14367.

United States District Court E. D. New York.

Dec. 31, 1954.

Peter C. Giambalvo, Brooklyn, N. Y., for plaintiff.

Leonard P. Moore, U. S. Atty., for the Eastern District of New York, Brooklyn, N. Y.

Margaret E. Millus, Asst. U. S. Atty., Brooklyn, N. Y., of counsel, for defendant.

BRUCHHAUSEN, District Judge.

The defendant makes this motion for summary judgment in an action brought by the plaintiff under 8 U.S.C.A. § 1503 for a declaratory judgment, adjudging that he is a citizen of the United States.

Pursuant to this Court's memorandum, dated November 9, 1954, the parties submitted additional affidavits, more fully setting forth the facts and particularly those relating to his last entrance into this country. In the said memorandum, the Court made reference to its memorandum of August 11, 1954, denying the defendant's motion to dismiss the action for lack of jurisdiction thereof. In that memorandum, this Court merely stated that the defendant's contention that the plaintiff's status arose out of an exclusion proceeding was without merit.

The status of the plaintiff to institute the action, or rather the lack of it, was not clearly brought to the attention of this Court until it requested and obtained the additional affidavits, as hereinabove mentioned. It was then only that the Court comprehended that the plaintiff had entered this country for the purpose of commencing a lawsuit to test his nationality. It is now apparent that he came to the United States solely for the purpose of a visit, and his travel document is so labelled, and that shortly after his arrival he expanded such authorization so as to encompass his participation in this litigation. The complaint and affidavits disclose that since May 1950 he has entered this country on temporary tourist or merchants' visas or similar documents, based upon his claim to Italian citizenship, the last entrance occurring on April 24, 1954, within a period of two weeks prior to May 7, 1954, the date of the commencement of this action. He applied for and accepted a temporary visa on his Italian passport when he found that he was unable to obtain an American passport or certification. The plaintiff apparently is aware of the fact that a certificate of identity is a preliminary requirment for the institution of such action in that he alleges in paragraph 22 of the complaint that "if plaintiff is granted a certificate of identity and admitted to the United States for the purpose of prosecuting this action, he will do so with due diligence."

The said statute (8 U.S.C.A. § 1503) has been construed in the cases of Avina v. Brownell, D.C., 112 F.Supp. 15; Vasquez v. Brownell, D.C., 113 F.Supp. 722 and Correia v. Dulles, D.C.R.I., 129 F.Supp. 533. In the Avina case, the Court stated that a person without the United States who has not been able to secure a certificate of identity may not bring any kind of action to establish his citizenship and that a nonresident, claiming to be a citizen, must first exhaust his administrative remedies. The statute provides a remedy in the event that issuance of such certificate is denied. In the Vasquez case reference is made to the report of the Senate Judiciary Committee to the effect that the right of action for declaratory judgment of citizenship should not apply to claimants abroad. The facts in the instant case place the plaintiff in that category.

In the Vasquez case, supra, the Court dismissed the action, allegedly brought pursuant to the said statute. It appeared therein that the plaintiff, after denial of entry into this country by a Board of Special Inquiry, illegally entered the country. The Court, challenging his status, pointed out that the obvious intent of Congress was not to reward persons so evading the administrative processes by trickery. While it is true that Mr. Ficano lawfully entered this country, nevertheless his permit did not constitute a certificate of identity nor did it clothe him with a right of action under the statute.

After a careful examination of the voluminous papers submitted upon this motion, the statute and the authorities the Court concludes that the plaintiff fails to possess the legal status, entitling him to bring the action.

The order herein, dated August 25, 1954, is vacated and the defendant's motion for summary judgment is granted.