**Maria Luisa PUIG JIMENEZ, Complainant,**

v.

**John H. GLOVER, Esq., Hon. Herbert Brownell, Jr., Hon. John Foster Dulles and Hon. Roberto Sanchez Vilella, Respondents.**

**Civ. No. 9009.**

United States District Court D. Puerto Rico, San Juan Division.

June 10, 1955.

Benicio F. Sanchez Castano, San Juan, P. R., for complainant.

Ruben Rodriguez Antongiorgi, U. S. Atty., San Juan, P. R., for respondents.

RUIZ-NAZARIO, District Judge.

Defendants have moved to dismiss the amended complaint in this action, alleging (a) that this court lacks jurisdiction over the subject matter and over each of the defendants in this case, and (b) that the amended complaint fails to state facts upon which relief can be granted.

They concede that the action is one for declaratory relief under Title 28 U.S.C.A. § 2201 instituted pursuant to Title 8 U.S.C.A. § 1503(a), but contend however, that the facts alleged in the amended complaint fail to meet the requirements of the latter section and that, thus, the plaintiff is not entitled to the relief sought and the court lacks jurisdiction to grant the same.

Defendants' only argument is that the declaratory relief, pursuant to Section 1503(a), Title 8 U.S.C.A., cannot be granted unless plaintiff alleges and shows that the right or privilege as a national of the United States by her claimed to have been denied was so denied within the United States.

In support of this contention defendants cite several cases, all of which, except Correia v. Dulles, D.C.R.I., 129 F. Supp. 533, involved factual and legal situations quite different from those under consideration herein and which, thus, make them inapplicable to this action.

In Correia v. Dulles, supra, the situation was, however, much the same as the one presented herein, but none of the cases therein cited by the court involved any like situation. So far as this court has been able to search, Correia v. Dulles stands alone in this particular.

Relying on Correia v. Dulles, supra, the defendants insist that plaintiff's only remedy is that provided by Sections 1503(b) and (c) of Title 8 U.S.C.A. But upon reading these sections the Court notices that the same are designed for litigants who are *not within* the United States and that those within the United States are not protected thereby.

Under the complaint herein, the plaintiff was physically present in the United States at the time said complaint was filed, she having lawfully entered into the United States as a Spanish quota immigrant.

Section 1503(a), Title 8 U.S.C.A. in controversy herein, provides as follows:

"(a) If any person *who is within* the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action under the provisions of section 2201 of Title 28, against the head of such department or independent agency for a judgment declaring him to be a national of the United States, except that no such action may be instituted in any case if the issue of such person's status as a national of the United States (1) arose by reason of, or in connection with any exclusion proceeding under the provisions of this chapter or any other act, or (2) is in issue in any such exclusion proceeding. An action under this subsection may be instituted only within five years after the final administrative denial of such right or privilege and shall be filed in the district court of the United States for the district in which such person resides or claims a residence, and jurisdiction over such officials in such cases is conferred upon those courts." (Emphasis supplied.)

Thus the complaint meets the requirement of the section in that the plaintiff,

is a "person *who is within* the United States". It also meets the test that she "claims a right or privilege as a national of the United States" (Pars. 7, 9) and that she "is denied such right or privilege by any department or independent agency, or official thereof" (Pars. 4, 5, 6, 8), "upon the ground that she is not a national of the United States" (Pars. 5, 6, 8).

No doubt Congress, in the above quoted section, must have used the term "within" only with reference to the physical presence in the United States of the person claiming the right or privilege as a national and not with reference to the place where the denial of said right or privilege actually took place.

Although in Correia v. Dulles, supra, the section was construed the other way, this court with the utmost respect to Judge Day, must express its disagreement with said holding.

Neither the Legislative history of the section, nor the grammatical construction thereof, support any such construction.

If the section were to be thus construed, then, any claimant of a right or privilege as a national of the United States, physically present in the United States would be remediless whenever the denial of such right or privilege has taken place outside of the United States, because he could not seek declaratory relief pursuant to the section, as so construed, nor obtain redress by way of habeas corpus under Sections 1503(b) and (c), Title 8 U.S.C.A. because he would not be a person "not within the United States".

It does not appear from the amended complaint, nor it is claimed by defendants, that the issue of plaintiff's status as a national of the United States may have arisen by reason of, or in connection with any exclusion proceeding under the provisions of Chapter 12 of the Nationality Act of 1952 or any other Act, or that this may be in issue in any such exclusion proceeding, which would be the only valid grounds to deny relief under Section 1503(a) Title 8 U.S.C.A.

It is, therefore, ordered that the motion to dismiss be, as it is hereby, denied.