Jaime **CORREIA**

v.

John Foster **DULLES**, Secretary of State.

Civ. A. No. 1693.

United States District Court D. Rhode Island.

July 8, 1955.

Donald O. Burke, Providence, R. I., for plaintiff.

Jacob S. Temkin, U. S. Atty., Samuel S. Tanzi, Asst. U. S. Atty., Providence, R. I., for defendant.

DAY, District Judge.

The plaintiff, a resident of West Warwick in the State of Rhode Island, seeks a judgment under the provisions of Section 2201 of Title 28 U.S.C.A. declaring him to be a national of the United States.

The evidence presented at the trial produced no substantial conflict as to the material facts. The plaintiff was born in Seekonk in the Commonwealth of Massachusetts on August 18, 1926; his parents were Portuguese nationals; his father was killed shortly after his birth in an accident and on December 3, 1931, his mother being unable to support him and his sister, left the United States to live with his maternal grandparents in the Azores; plaintiff and his sister were registered as American citizens in the Azores shortly after their arrival; he worked as a farmer in the Azores until he was drafted over his protest into the army of Portugal in which he served from April 8, 1947 until his discharge on August 5, 1947.

Plaintiff admitted that several months after his induction and while he was a minor he took the oath of allegiance to Portugal with many other members of the army but contended that he did so only under compulsion. He was married on November 26, 1949 and has one child born of that marriage who is now with plaintiff's wife in the Azores. In February, 1951 he applied for a passport to re-

turn to the United States. His application was disapproved on January 16, 1952 on the ground that he had expatriated himself under the provisions of Section 401(c) of the Nationality Act of 1940[1] by his service in the armed forces of Portugal. Subsequently he applied for and was granted a non-quota visa and entered the United States on April 23, 1952. In March, 1953 he filed a complaint in this Court seeking a declaratory judgment that he was a national of the United States and alleging the denial by the American Consul in the Azores of his passport application as the basis for the jurisdiction of this Court under Section 2201 of Title 28 U.S.C.A. This action was dismissed upon the defendant's motion because of lack of jurisdiction. See Correia v. Dulles, D.C.R.I.1954, 129 F.Supp. 533.

On April 15, 1954 the plaintiff applied for a passport to travel to the Azores. On May 6, 1954 the Department of State by letter advised the plaintiff, no additional evidence having been submitted by him (bearing on his alleged expatriation), that no reason existed for considering its decision of January 16, 1952 to be incorrect and that "this decision must be considered as governing your case". On May 18, 1954, the instant action was filed.

In his answer and during the trial the defendant contended that the plaintiff is not entitled to the relief he seeks because the plaintiff had expatriated himself by his service in the army of Portugal and because he had not exhausted his administrative remedies within the Department of State.

I shall first consider the latter of these two contentions. Section 1503(a) of Title 8 U.S.C.A. is as follows: "If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action under the provisions of section 2201 of Title 28 against the head of such department or independent agency for a judgment declaring him to be a national of the United States, except that no such action may be instituted in any case if the issue of such person's status as a national of the United States (1) arose by reason of, or in connection with any exclusion proceeding under the provisions of this chapter or any other act, or (2) is in issue in any such exclusion proceeding * * *".

In the present case it is clear that a right or privilege of the plaintiff as a national of the United States was denied to him on the ground that he was not a national of the United States while he was within the United States. The denial of his application for a passport to the Azores, as a citizen, on May 6, 1954 was upon the ground that he was not a national. In my judgment that action was sufficient to entitle the plaintiff to file this action under Section 2201 of Title 28. Quong Ngeung v. Dulles, D.C.S.D. N.Y.1953, 117 F.Supp. 498. The fact that the plaintiff did not elect in 1952 to contest the validity of the ruling of the American Consul should not in my opinion deprive him of resort to this Court for relief when his later application for a passport while in the United States was denied by the Department of State upon the ground that he was not a national.

The other contention urged by the defendant is that the plaintiff expatriated himself by serving in the military forces of Portugal. In Perkins v. Elg, 307 U.S. 325, at page 334, 59 S.Ct. 884, at page 889, 83 L.Ed. 1320, expatriation has been clearly defined in the following language: "Expatriation is the voluntary renunciation or abandonment of nationality and allegiance".

The record in this case is wholly devoid of any evidence which would warrant any reasonable inference that plaintiff's entry into said armed

[1]. Now Immigration and Nationality Act, § 349(a) (2, 3), 8 U.S.C.A. § 1481(a) (2, 3).

forces was voluntary. It is conceded that he was conscripted and his contention that his induction was over his protests is uncontradicted. "Conscription into the Army of a foreign government of one holding dual citizenship is sufficient to establish prima facie that his entry and service were involuntary". Lehmann v. Acheson, 3 Cir., 1953, 206 F.2d 592, 594. It is well settled that expatriation under Section 401(c) of the Nationality Act of 1940 by reason of service in the military service of a foreign government is limited to those cases in which it may fairly be said that such military service was voluntary. Lehmann v. Acheson, supra; Dos Reis ex rel. Camara v. Nicolls, 1 Cir., 1947, 161 F.2d 860; Podea v. Acheson, 2 Cir., 1950, 179 F.2d 306; Pandolfo v. Acheson, 2 Cir., 1953, 202 F.2d 38.

█ The action of the plaintiff in taking an oath of allegiance to Portugal as a member of its armed forces did not effect his expatriation. He was then still a minor. It has long been settled that a citizen by birth who has not yet attained his majority cannot expatriate himself by taking an oath of allegiance to a foreign state. Perri v. Dulles, 3 Cir., 1953, 206 F.2d 586; United States ex rel. Baglivo v. Day, D.C.S.D.N.Y.1928, 28 F.2d 44.

█ Plaintiff acquired his citizenship by birth. It is well settled that a heavy burden of proof rests upon him who seeks to deprive a person of the status of the plaintiff of that birth right. The proof requisite to bring about a loss of citizenship must be clear and unequivocal. Schneiderman v. United States, 320 U.S. 118, 63 S.Ct. 1333, 87 L.Ed. 1796. As the United States Supreme Court stated in Perkins v. Elg, supra, 307 U.S. at page 337, 59 S.Ct. at page 891, "Rights of citizenship are not to be destroyed by an ambiguity".

█ The defendant has failed completely to establish that the plaintiff's service in the army of Portugal was not involuntary and that he voluntarily renounced and abandoned his nationality and allegiance to the United States. Considering all of the evidence in this case, in my opinion it would be a grave injustice to deprive the plaintiff of his status of citizen and to reduce him to that of alien. He is clearly entitled to the relief which he seeks. Judgment shall be entered declaring that the plaintiff, Jaime Correia, is a national of the United States.