Jolanda **FERRETTI**, Plaintiff,

v.

John Foster **DULLES**, as Secretary of State, and Edward Shaughnessy, as District Director, Defendants.

Civ. No. 16437.

United States District Court
E. D. New York.

March 29, 1957.

Order Affirmed July 31, 1957.

Albert Mayer, New York City, for plaintiff.

Leonard P. Moore, U. S. Atty., East-ern District of New York, Brooklyn, N. Y., Margaret E. Millus, Asst. U. S. Atty., Brooklyn, N. Y., of counsel, for defend-ants.

BRUCHHAUSEN, District Judge.

The plaintiff's motion is for summary judgment and the defendants' motion is for a dismissal of the complaint.

The action was commenced on April 5, 1956, for a declaratory judgment, adjudging that plaintiff is a citizen of this country. In paragraph 1 thereof the plaintiff alleges that the action arises under the following statutes, viz.:

Section 360(a) of the Nationality Act of 1952, also known as 8 U.S.C.A. § 1503(a),

Section 401(e) of Chapter 4 of the Nationality Act of 1940, also known as 8 U.S.C. § 801(e), and

The Act of August 16, 1951, 65 Stat. 191.

The said Section 401(e) of Chapter 4 of the Nationality Act of 1940 was repealed prior to the commencement of this action. The Act of August 16, 1951, is not relevant. It contains no provisions, relevant to the right to institute an action for declaratory judgment. Section 360(a) of the Act of 1952 is later alluded to.

The plaintiff in her complaint alleged that she was born in New York City on February 2, 1922; that about three years later she was taken to Italy by her father and that she remained there until she returned to this country on May 17, 1955, as a temporary visitor.

While not presently important, nor is it a reason for the determination of this motion, it is interesting to note that on or about January 11, 1956, the plaintiff executed an application for the extension of time of her visitation in this country, stating therein that she was then a resident and citizen of Italy but would like tó remain in this country a little longer and may not have the chance to visit it again and that on the eve of her deportation, a few months later she commenced this action, reversing her position by claiming citizenship.

The statute upon which this action is founded is Section 360(a) of the Nationality Act of 1952, also designated as 8 U.S.C.A. § 1503(a) which in substance provides that any person, other than one involved in an exclusion proceeding, may institute an action declaring himself to be a national of the United States, if the following factors exist, i. e.:

1. That such person "is within the United States" at the time of the commencement of the action.

2. That such person claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States.

The first consideration is whether the plaintiff "is within the United States" within the meaning of the statute. In the case of Ficano v. Dulles, this Court, 151 F.Supp. 650, after reciting the fact that the plaintiff had the status of a visitor to this country, not in possession of a certificate of identity, said:

"The said statute (8 U.S.C. 1503) has been construed in the cases of Avina v. Brownell, D.C., 112 F.Supp.

634

15; Vasquez v. Brownell, D.C., 113 F.Supp. 722 and Correia v. Dulles, D.C.R.I.1954, 129 F.Supp. 533. In the Avina case, the Court stated that a person without the United States who has not been able to secure a certificate of identity may not bring any kind of action to establish his citizenship and that a non-resident, claiming to be a citizen, must first exhaust his administrative remedies. The statute provides a remedy in the event that issuance of such certificate is denied. In the Vasquez case reference is made to the report of the Senate Judiciary Committee to the effect that the right of action for declaratory judgment of citizenship should not apply to claimants abroad. The facts in the instant case place the plaintiff in that category.

"In the Vasquez case, supra, the Court dismissed the action, allegedly brought pursuant to the said statute. It appeared therein that the plaintiff, after denial of entry into this country by a Board of Special Inquiry, illegally entered the country. The Court challenging his status, pointed out that the obvious intent of Congress was not to reward persons so evading the administrative processes by trickery. While it is true that Mr. Ficano lawfully entered this country, nevertheless his permit did not constitute a certificate of identity nor did it clothe him with a right of action under the statute."

See also D'Argento v. Dulles, D.C., 113 F.Supp. 933.

It is clear, therefore, that the plaintiff lacks the status of a person "within the United States", one of the requirements of Section 360(a) of the Nationality Act of 1952 and may not bring an action under that statute.

■ There is an additional defect in her position. As alleged in her complaint her claim for relief is based upon the alleged actions of the United States Consul's Office in Italy in advising her that she had expatriated herself and in preventing her from repatriating herself by not answering her correspondence. In the case of Matsuo v. Dulles, 133 F. Supp. 711, 715, the Court said: "The plain language of the statute [Section 360(a)] clearly shows that claim and denial while in the United States is a prerequisite to relief under that section." The cases of D'Addino v. Dulles, D.C., 136 F.Supp. 417 and Correia v. Dulles, D.C., 129 F.Supp. 533, are to the same effect.

The defendants' motion for dismissal of the complaint is granted. The plaintiff's motion for summary judgment is denied.