**Maria Luisa CONRAD, Plaintiff,**

v.

**John Foster DULLES, Secretary of State of the United States of America, Defendant.**

**Civ. No. 8914.**

United States District Court
D. Puerto Rico,
San Juan Division.

April 1, 1957.

Brown, Newsom & Cordova, San Juan, P. R., for plaintiff.

Ruben Rodriguez Antongiorgi, U. S. Atty., San Juan, P. R., for defendant.

RUIZ-NAZARIO, District Judge.

This is an action for declaratory relief brought by plaintiff Maria Luisa Conrad against John Foster Dulles, as Secretary of State of the United States, pursuant to the provisions of Sec. 360(a) of the Immigration and Nationality Act of 1952 (66 Stat. § 273; 8 U.S.C.A. § 1503(a)), and of Sec. 2201, Title 28 U.S.C.A. (62 Stat. 964, as amended in 63 Stat. 105).

It has been submitted to the Court for final decision on the basis of the allegations of the amended complaint filed on December 3, 1954, defendant's answer thereto filed on February 23, 1955 and a stipulation of facts filed August 8, 1956. The parties have filed memoranda dis-

cussing the questions originally at issue as well as the question which they were requested to discuss as per the court's order of December 26, 1956 entered herein.

The court being now duly advised in the premises, does hereby make the following

### Findings of Fact

1. The plaintiff Maria Luisa Conrad is of age, married, presently a resident of Guaynabo, Puerto Rico and was residing in San Juan, Puerto Rico on July 6, 1954 when this action was initiated.

2. The defendant John Foster Dulles is the Secretary of State of the United States of America.

3. The plaintiff was born in Ponce, Puerto Rico, on September 23, 1906. Her father Valeriano Fabregas, although residing in Puerto Rico on April 11, 1899 was, at her birth, a Spanish subject because he had, on or before April 11, 1900, elected to preserve his allegiance to the Crown of Spain in accordance with the provision of Art. IX of the Treaty of Peace between the United States and Spain entered into ón April 11, 1899. Title 1 L.P.R.A. p. 19. Her mother Maria Eugenia Martin was then a citizen of Puerto Rico pursuant to the provisions of Sec. 7 of the Act of Congress of April 12, 1900, known as the Foraker Act (31 Stat. 79, 48 U.S.C.A. § 733).

4. By reason of misinformation regarding her own citizenship status and believing at all times that she was a national and citizen of the United States of America under the provisions of Sec. 7 of the Act of Congress of April 12, 1900 (31 Stat. 79, 48 U.S.C.A. § 733), as well as under Sec. 5 of the Act of Congress of March 2, 1917, known as the Jones Act (39 Stat. 953, Title 1 L.P. R.A. pp. 70–71 [1]), the plaintiff, who was a minor when the last cited statute was enacted, erroneously, but in good faith, exercised the rights and privileges and performed the duties of a citizen of the United States, although she had failed, upon becoming of age and within the time limits prescribed by said Sec. 5, and

extended by Sec. 5a added to the aforesaid Jones Act by the act of Congress of March 4, 1927 (44 Stat. 1418, Title 1 L.P.R.A. p. 71)[2], to exercise the privilege of establishing United States citizenship by means of the sworn declaration of allegiance to the United States provided for in said sections.

5. However, the Act of Congress of May 16, 1938, c. 225 (52 Stat. 377, 1 L.P.R.A. pp. 73–74) added to the Jones Act of March 2, 1917 a new section, designated as Sec. 5c, indefinitely extending the time limits provided by Sections 5 and 5a of the last named act, during which persons, such as plaintiff herein, who were born in Puerto Rico on or after April 11, 1899, who had continued to reside within the jurisdiction of the United States and whose father had elected on or before April 11, 1900 to preserve his allegiance to the Crown of Spain, could exercise the privilege accorded by said Sections 5 and 5a of the Act, of establishing their United States citizenship, by means of a sworn declaration of allegiance to the United States, to be filed at any time thereafter, before any United States District Court, setting forth and accompanied by proof thereof satisfactory to the court, certain facts and circumstances required thereunder.

6. Upon being advised that she was not a citizen of the United States of America, because she had failed to act under Sections 5 and 5a of the Jones Act of March 2, 1917, during the time limits prescribed thereunder, but that she could still exercise the privilege of establishing United States citizenship, under the provisions of Section 5c, added to said act by the Act of May 16, 1938 (52 Stat. 377), plaintiff on September 7, 1940, i.e. prior to the date on which the latter act was repealed (by Act of Oct. 14, 1940, c. 876, Sec. 504, 54 Stat. 1137), fully complied with the provisions of said 5c and took the oath of allegiance provided thereby, being "thereupon * * * considered a citizen of the United States."

---

1. Now 8 U.S.C.A. § 1402.

2. 48 U.S.C.A. § 733a.

7. The plaintiff had resided continuously and uninterruptedly in Puerto Rico since the date of her birth until the date when she took said oath of allegiance, and she continued to reside here uninterruptedly until December 22, 1946.

8. Because her husband, George R. Conrad, whom she had married on June 26, 1930 and who was then a British subject and an official of the San Juan, Puerto Rico branch of the Royal Bank of Canada, was transferred to the position of Manager and Resident Inspector of the Ciudad Trujillo (Dominican Republic) Branch of said bank, the plaintiff had to move on December 22, 1946 to the Dominican Republic to accompany her husband. She continued to live there with her husband until and including the month of November, 1955, when her husband was re-transferred to the San Juan, Puerto Rico branch of the same bank, this time as the Manager thereof, and for this reason the plaintiff re-established her home in Puerto Rico with her husband in Villa Caparra, Guaynabo, Puerto Rico, on December 1955.

9. To make her initial trip to Ciudad Trujillo, she was issued on October 30, 1946, Passport No. 23276 PR 8551.

10. While at Ciudad Trujillo, Dominican Republic, she applied on June 19, 1951, to the United States Department of State, through the American Consul at said City, for a new passport. On the same date Passport No. 397 FS–23409, for a two-year period to expire on June 19, 1953, was issued to her. The old passport was cancelled and returned to her.

11. Between 1946 and 1951 she had come to Puerto Rico three times: one in 1948, another in 1949 and the last one in 1950.

12. On November 3, 1952 the plaintiff, while in Ciudad Trujillo, Dominican Republic, executed an application for registration as an American citizen residing abroad. The said application was referred to the United States Department of State, together with a Certificate of

the Loss of Nationality prepared by the Vice Consul of the United States, at Ciudad Trujillo, dated November 6, 1952. In his opinion supplementing said documents, the Vice Consul made reference to the fact that plaintiff had acquired American citizenship "under the provisions of the Act of May 16, 1938" (52 Stat. 377). He also expressed the following opinion:

"It is felt, however, that her case may fall within the purview of Section 353(10) of the Immigration and Nationality Act [8 U.S.C.A. § 1485 (10)] which provides for the restoration of citizenship to certain persons who lost their *Nationality* under Section 404(c)." (Emphasis supplied.)

On December 1, 1952, the Department of State, however, approved the certificate of expatriation submitted by the American Vice Consul at Ciudad Trujillo, determining that the plaintiff had expatriated herself under the provisions of Section 404(c) of Chapter IV of the Nationality Act of 1940 [3] by residing continuously for five years in the Dominican Republic, a foreign country, and the reasons for such residence did not fall within the purview of Sections 405 or 406 of the Nationality Act of 1940.[4]

13. On May 19, 1954, the plaintiff being at the time physically present in the United States, to wit in San Juan, Puerto Rico, and still believing that she was a national and citizen of the United States, applied to the United States Department of State for a United States Passport.

On June 9, 1954, and while plaintiff was still within the United States, said application was denied and the Department of State refused to issue the requested passport, exclusively on the ground that she was no longer a citizen of the United States of America.

14. The issue of plaintiff's status as a national or citizen of the United States, involved in the present action, did not arise by reason of, or in connection with any exclusion proceeding under the pro-

3. Now 8 U.S.C.A. § 1484(a).

4. Now 8 U.S.C.A. §§ 1485, 1486(1).

visions of the Nationality Act of 1952 or any other act, nor is such status at issue in any such exclusion proceeding.

15. The present action for a declaratory judgment under the provisions of Section 360(a) of the Nationality Act of 1952 (8 U.S.C.A. § 1503(a) was thereupon initiated by the plaintiff on July 6, 1954 while she was present and claimed residence in Puerto Rico, where she resides today.

Based on the above findings of fact the Court arrives at the following

Conclusions of Law

A. The Act of May 16, 1938 (52 Stat. 377) former Sec. 5c, added to the Act of March 2, 1917, otherwise known as the Jones Act (1 L.P.R.A.–Organic Act of 1917, Sec. 5c, p. 73) was an Act of Congress conferring United States nationality on certain persons solely by reason of former nationality and birth or residence in an area outside the Continental United States, within the purview and intent of Sec. 353(10) of the Nationality Act of 1952 (Title 8 U.S.C.A. § 1485 (10)).

B. The plaintiff fell within the class of persons declared to be nationals of the United States and entitled to exercise the privilege of establishing their United States citizenship under the provisions of the aforesaid Act of March 16, 1938 (52 Stat. 377), former Sec. 5c, added to the Act of March 2, 1917 (1 L.P.R.A.–Organic Act of 1917 Sec. 5c, p. 73). Therefore, upon having been found to meet, on September 7, 1940, and while the aforesaid Sec. 5c was in full force and effect, all the requirements therefor provided in said statute and having taken the oath of allegiance in it prescribed, before this Court, the plaintiff duly established her United States nationality and citizenship pursuant to said section.

C. The determination made by the Department of State in its Certificate of the Loss of the Nationality, approved on December 1, 1952, as well as its subsequent refusal of June 9, 1954 to issue a United States passport to the plaintiff, exclusively on the theory that she had expatriated herself under the provisions of Section 404(c) of Chapter IV of the Nationality Act of 1940 by residing continuously for five years in the Dominican Republic, a foreign country, was and is unwarranted and contrary to law, because:

(1) The plaintiff is a national of the United States who has, by Act of Congress, United States nationality solely by reason of former nationality and birth or residence in an area outside the Continental United States.

(2) Under the proviso contained in Sec. 353(10) of the Nationality Act of 1952 (Title 8 U.S.C.A. § 1485(10)), Section 404(c) of Chapter IV of the Nationality Act of 1940, on which the United States Department of State exclusively based its aforesaid determination, shall not be held to be, or to have been applicable to nationals such as plaintiff.

D. The plaintiff, therefore, has not lost her nationality or citizenship of the United States, on the grounds claimed by the defendant and it must be declared that she is both a national and citizen of the United States of America.

E. The Court has jurisdiction over the subject matter and the parties in this action, by way of declaratory relief as per its holding in Puig Jimenez v. Glover, D.C., 131 F.Supp. 550.

A declaratory judgment will be entered accordingly.