**Julius STRUPP, Plaintiff,**

v.

**Honorable John Foster DULLES, Secretary of State, Defendant.**

United States District Court
S. D. New York.
Aug. 9, 1957.

Regosin & Edwards, New York City, for plaintiff. Mark H. Berger, New York City, of counsel.

Paul W. Williams, U. S. Atty., for the Southern District of New York, New York City, for defendant. Charles J. Hartenstine, Jr., Special Assistant U. S. Atty., New York City, of counsel.

PALMIERI, District Judge.

Plaintiff has instituted this action, pursuant to Section 360(a) of the Immigration and Nationality Act of 1952 (8 U.S.C.A. § 1503(a)) and Section 10 of the Administrative Procedure Act (5 U.S.C.A. § 1009), for a declaratory judgment under the provisions of 28 U.S.C. § 2201, declaring him to be a national of the United States. Defendant has moved, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C. for an order dismissing the complaint, on the ground that it fails to state a claim against the defendant upon which relief can be granted and upon the further ground that venue has been improperly laid in this district and the court lacks jurisdiction over the person of the defendant.

The Government's major contention is that the plaintiff is not in the class of persons who are entitled to maintain actions for declaratory judgments of United States nationality under Section 360 of the Immigration and Nationality Act of 1952. Section 360(a) provides, in pertinent part, as follows:

"If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action under the provisions of section 2201 of Title 28 [United States Code], against the head of such department or independent agency for a judgment declaring him to be a national of the United States. * * * An action under this subsection may be instituted only within five years after the final administrative denial of such right or privilege and shall be filed in the district court of the United States for the district in which such person resides or claims a residence, and jurisdiction over such officials in such cases is hereby conferred upon those courts."

The claimed denial of a right or privilege as a national of the United States occurred at the United States Embassy in Buenos Aires, Argentina, in 1953, when the plaintiff's application for an extension of his United States passport was denied on the ground that by having a continuous residence for five years in Argentina and Uruguay, plaintiff, a naturalized citizen, had expatriated himself under the provisions of Section 352(a)(2) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1484(a) (2), and accordingly was no longer a national of the United States and was not permitted to possess a United States passport. The complaint contains the allegation that plaintiff "is presently within the United States and is presently within the Southern District of New York." Upon oral argument of this motion, plaintiff's counsel represented that plaintiff was in New York on an Argentine passport at the time this action was commenced.

■ Section 360(a) of the Immigration and Nationality Act confers upon "any person who is within the United States * * * and is denied" a claimed right or privilege as a national of the United States, the right to institute an action for a judgment declaring him to be a national of the United States. Section 360(b) is a correlative provision with respect to persons not within the United States. It provides in pertinent part, as follows:

> "If any person who is not within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may make application to a diplomatic or consular officer of the United States in the foreign country in which he is residing for a certificate of identity for the purpose of traveling to a port of entry in the United States and applying for admission. * * * *"

Section 360(c) provides that a final determination by the Attorney General, that any person who has been issued a certificate of identity under the provisions of subsection (b) is not entitled to admission to the United States, shall be subject to review by any court of competent jurisdiction in habeas corpus proceedings and not otherwise. Thus, a person within the United States is entitled to a judicial determination of his nationality but a person not within the United States is entitled to an administrative determination only, which determination is subject to judicial review only to the limited extent set forth in the statute.

■ The plaintiff contends that since he was within the United States at the time he instituted this action, he is entitled to maintain it under Section 360 (a). In support of his position he cites Puig Jimenez v. Glover, D.C.P.R.1955, 131 F.Supp. 550. The Government contends that plaintiff cannot maintain an action pursuant to Section 360(a), for the reason that the right or privilege as a national of the United States claimed to have been denied was not denied within the United States. In support of its position the Government cites Correia v. Dulles, D.C.R.I.1954, 129 F.Supp. 533, in which defendant's motion to dismiss was granted on the ground urged here.

Subsections (a) and (b) of Section 360 define the remedies available to persons whose claims of United States nationality are denied by competent authorities. I do not believe that the Congress intended to give to persons who claim rights or privileges on the basis of United States nationality an election of remedies. Subsections (a) and (b) of Section 360 are not stated as alternatives. Each subsection applies to a different class of persons.

■ The legislative history of the Immigration and Nationality Act of 1952 supports this interpretation. The bills from which the Act emerged were H.R. 5678 and S. 2550, the great bulk of the Act being derived from the House bill. With respect to proceedings for

declaration of United States nationality, however, the Senate version was embodied in the Act in preference to that of the House of Representatives. Section 360(b) of the House bill would have permitted those persons who may apply for certificates of identity to institute actions for declaratory judgments as well. The correlative Senate provision was virtually identical to § 360(b) as enacted. Senate Report No. 1137, 82d Congress, 2d Session, dated January 29, 1952 which accompanied S. 2550 contains the following pertinent explanation, at page 50:

> "The bill modifies section 503 of the Nationality Act of 1940 by limiting the court action exclusively to persons who are within the United States, * * *."

> " * * * The net effect of this provision [Section 360(b)] is to require that the determination of the nationality of such person [one eligible for a certificate of identity] shall be made in accordance with the normal immigration procedures. These procedures include review by habeas corpus proceedings where the issue of the nationality status of the person can be properly adjudicated."

The appropriate remedy for a given individual must be determined according to the status of that person at the time the claimed right or privilege is denied. Any other interpretation would defeat the plain purpose of the Congressional enactment that persons not within the United States shall comply with the procedure outlined in Section 360(b) by making application for a certificate of identity. The right to pursue the remedy set forth in subsection (b) accrued to the plaintiff when his application for extension of his United States passport was denied in Argentina. At that time he was not eligible to maintain an action for a declaratory judgment under subsection (a). He was bound to follow the course which Congress prescribed for persons in his status for the seeking of redress. His remedy having been fixed by statute as of the date he suffered the injury which he claims, plaintiff cannot be allowed to disregard that statute and receive the benefits of more liberal provisions reserved by statute for others. Were I to hold otherwise, I would encourage non-compliance with the procedures outlined in subsection (b). Where Congress has prescribed that certain classes of individuals should travel to ports of entry under certificates of identity, there should be no reward to those who succeed in entering the United States in some other fashion by providing them with a judicial determination of their status to which they would not otherwise be entitled.

I agree with the rule stated in Correia v. Dulles, supra, that the denial of the claimed right or privilege must have occurred within the United States in order for an action under Section 360(a) to lie. The second case of Correia v. Dulles, D.C. R.I.1955, 133 F.Supp. 442, is in no way inconsistent with this result since there the plaintiff had made a subsequent application while within the United States which was denied within the United States. Although Puig Jimenez v. Glover, supra, states the contrary view, I believe that that decision represents a justifiable exception from the general rule in favor of quota immigrants.

■ It is by virtue of a special provision in Section 360(a) of the Immigration and Nationality Act that plaintiffs are enabled to sue in the district in which they reside or claim a residence. Since 28 U.S.C. § 1391(b) requires that civil actions wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where the defendant resides, and since the official residence of the Secretary of State is in the judicial district of the District of Columbia, plaintiff cannot maintain a suit in this district on the basis of the Administrative Procedure Act or the Declaratory Judgment Act in the absence of a claim under the Immigration and Nationality Act.

■■ Moreover, apart from the defect in venue, the Declaratory Judgment Act would not by itself aid the plaintiff, since that statute created procedural

remedies only without enlarging the jurisdiction of the federal courts. Aetna Life Ins. Co. of Hartford v. Haworth, 1937, 300 U.S. 227, 240, 57 S.Ct. 461, 81 L.Ed. 617; Skelly Oil Co. v. Phillips Petroleum Co., 1950, 339 U.S. 667, 671, 70 S.Ct. 876, 94 L.Ed. 1194. Similarly, apart from the defect in venue, a suit under the Administrative Procedure Act would appear to be premature, since the plaintiff has not exhausted the administrative remedies provided in subsections (b) and (c) of Section 360. Ferretti v. Dulles, 2 Cir., 246 F.2d 544.

For all of the foregoing reasons, defendant's motion is granted and the complaint dismissed.