**BASMA ABED HARAKE, nee Basma Abed, Complainant,**

v.

**John Foster DULLES, Secretary of State of the United States of America, his Ambassadors, Consuls and Agents; Herbert Brownell, Attorney General of the United States, his Commissioners, Deputies and Agents, and the Commissioner of Immigration and Naturalization of the United States, his officers, agents and representatives, Defendants.**

**No. 16241.**

United States District Court
E. D. Michigan, S. D.

Jan. 29, 1958.

George Bashara, Detroit, Mich., for complainant.

Dwight K. Hamborsky, Asst. U. S. Atty., Detroit, Mich., for defendants.

FREEMAN, District Judge.

The plaintiff, Basma Abed Harake, filed a complaint under the Federal Declaratory Judgments Act, 28 U.S.C. § 2201, against John Foster Dulles, Secretary of State of the United States; Herbert Brownell, Attorney General of the United States; the Commissioner of Immigration and Naturalization of the United States, and all their officers, agents and representatives, alleging that

plaintiff has been deprived of a right or privilege as a national of the United States by the defendants and seeks a declaratory judgment of nationality of the United States as provided in § 1503 (a), Title 8 U.S.C.A. Defendants moved to dismiss this complaint on the ground that plaintiff has failed to exhaust her administrative remedies as set forth in § 1503(b) and (c), Title 8, and therefore is not entitled to sue in this court.

The complaint alleges that Basma Abed Harake was born in Los Angeles, California, on May 11, 1923, and resided in the United States from her birth until July 27, 1937, at which time she accompanied her parents and her brothers and sisters to the Republic of Lebanon where she remained until October 10, 1955; that in December, 1937, while in Lebanon, plaintiff's parents separated and she was placed in the custody of her brother in the Village of Borj el Bragine, Lebanon; that in August or September, 1955, plaintiff applied at the United States Consulate, Beirut, Lebanon, for an American passport and was informed, for the first time, that on February 5, 1954, a Certificate of Loss of Nationality had been issued and forwarded to defendant John Foster Dulles, Secretary of State, Washington, D. C., without previous notice to plaintiff or opportunity to appear in opposition thereto; that plaintiff had done no voluntary act to expatriate herself from United States citizenship; that she repeatedly applied without avail at the office of the United States Consulate in Beirut to have her status "cleared up;" that on October 10, 1955, plaintiff travelled to the United States on a passport issued to her by the Republic of Lebanon with a temporary visitor's visa issued by the United States and was admitted to this country as an alien for a limited time; that, after being admitted to this country, plaintiff applied for an American passport from the Department of State, which application was denied by a letter dated September 17, 1956, and attached to which letter was a copy of a Certificate of Loss of Nationality, approved by the Secretary of State, showing that Basma Abed Harake had lost her United States nationality because she had acquired Lebanese nationality as a minor through her father and had failed to establish a permanent residence in the United States before her twenty-third birthday. Thereafter, plaintiff filed this suit for declaration as a national of the United States as aforesaid.

Defendants contend that plaintiff has no standing to sue under § 1503(a), 8 U.S.C.A., since she is not a "person who is within the United States" in the sense of the statute and that this section does not apply to a person who has entered the United States on a temporary visitor's visa. Defendants argue that persons outside the United States must comply with the procedures outlined in § 1503 (b), and (c), 8 U.S.C.A., to establish their United States nationality and that such persons may not circumvent these procedures by entering this country on a temporary visa and bringing a suit for declaration of nationality under the provisions of § 1503(a).

Plaintiff relies on the strict language of § 1503(a), 8 U.S.C.A., giving the right to sue for declaration of nationality to " * * * any person who is within the United States * * * " and contends that this language must be applied to any person legally within the United States for any reason, even though such person may be within this country as an alien on a temporary visa.

§ 1503(a), 8 U.S.C.A., provides:

"If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action under the provisions of section 2201 of Title 28, against the head of such department or independent agency for a judgment declaring him to be a national of the United States, except that no such action may be in-

stituted in any case if the issue of such person's status as a national of the United States (1) arose by reason of, or in connection with any exclusion proceeding under the provisions of this chapter or any other act, or (2) is in issue in any such exclusion proceeding. An action under this subsection may be instituted only within five years after the final administrative denial of such right or privilege and shall be filed in the district court of the United States for the district in which such person resides or claims a residence, and jurisdiction over such officials in such cases is conferred upon those courts."

§ 1503(b) and (c) establish the procedure to be followed by a person who is not within the United States and who asserts a claim to a right or privilege as a national of the United States that has been denied by any department or independent agency of the United States. Under the procedure outlined in the statute, such persons are required to make application to a diplomatic or consular officer of the United States, in the foreign country of their residence, for a Certificate of Identity for the purpose of travelling to a port of entry in the United States and applying for admission and if such application is made in good faith and has substantial basis, the diplomatic or consular officer shall issue such application which entitles the applicant to travel to a port of entry and apply for admission to the United States, subject to all rules of exclusion relating to entering aliens. The applicant may appeal from any denial of his application to the Secretary of State, who shall state in writing his reasons if he approves a denial. A final determination by the Attorney General that such a person is not entitled to admission to the United States shall be subject to review by any court of competent jurisdiction in habeas corpus proceedings and not otherwise.

The precise issue now before this court has been considered by the United States District Court for the Southern District of New York, in two reported cases.

In Ficano v. Dulles, D.C., 151 F.Supp. 650, that court dealt with the case of an Italian citizen who entered this country on a temporary visa on his Italian passport when he found he was unable to obtain a United States passport or certificate of identity. After entering the United States in that manner, the plaintiff commenced an action for declaration of nationality of the United States under § 1503(a), 8 U.S.C.A. The court noted that it had been held previously in Avina v. Brownell, D.C., 112 F.Supp. 15, that a person without the United States who has not been able to obtain a certificate of identity may not bring any kind of action to establish his citizenship. The court also noted that in Vasquez v. Brownell, D.C., 113 F.Supp. 722, it was held that a person illegally within the United States could not bring an action under § 1503(a), 8 U.S.C.A. The court observed that reference was made in the Vasquez case to the report of the Senate Judicial Committee to the effect that the right to a declaratory judgment should not apply to claimants abroad. The court then said that, even though the plaintiff, Ficano, was legally within the United States on a temporary visa, the visa did not clothe the plaintiff with a cause of action under the statute. The court concluded that the plaintiff failed to possess the legal status entitling him to bring the action.

In Ferretti v. Dulles, D.C.1957, 150 F.Supp. 632 the same court dealt with a similar case in which the plaintiff was within the United States on an Italian passport with a temporary visa. The court cited at length from its opinion in Ficano, supra, and held that the plaintiff had no standing to bring an action under § 1503(a) for declaratory judgment of nationality of the United States.

The above-cited cases are squarely in point and are relied upon by defendants. Plaintiff has cited no case in support of his contention that § 1503(a), 8 U.S. C.A. grants a right of declaratory judg-

ment relief to any person who is legally within the United States for any reason, and there appears to be no authority for this position other than the plain words of the statute which read as follows:

" * * * any person who is within the United States * * *."
8 U.S.C.A. § 1503(a).

It is true that § 1503(a), when read alone, appears to give any person within the United States a cause of action under the Federal Declaratory Judgments Act, 28 U.S.C. § 2201. However, § 1503(a) must be considered in conjunction with § 1503(b) and (c). If § 1503 is read in its entirety, it is clear that an orderly procedure has been established to provide for the protection of persons whose rights and privileges as nationals of the United States are being denied by departments or independent agencies of the United States Government. It is clear that Congress intended persons outside the United States, whose rights or privileges as a national of the United States have been denied, to follow the procedures outlined in § 1503(b) and (c). Therefore, it would appear to be the intent of Congress that a person outside the United States, who claims to have been denied a right or privilege as a national of the United States, should not be allowed to circumvent the procedures for relief established for such persons in § 1503(b) and (c), by the simple expedient of obtaining a temporary visa to the United States on a foreign passport and then, after being admitted to the United States as an alien visitor, claim the privileges granted to persons within the United States by § 1503(a). Such persons should obtain a certificate of identity from a diplomatic or consular officer in the foreign country of their origin and proceed to a port of entry and make application for admission to this country as outlined in § 1503(b) and (c). The mere fact that a person is admitted to this country as an alien for a temporary visit does not give that person standing to sue under § 1503(a), 8 U.S.C.A. Persons without the country must follow the procedure outlined in § 1503(b) and (c), when they wish to assert a right or privilege as a national of the United States and they must comply with that procedure before they may have recourse to the courts of this country.

This conclusion as to the intent of Congress is supported by the language found in the report of the Senate Judiciary Committee investigating the immigration system. The committee made reference to the old § 503, Nationality Act of 1940, predecessor to § 1503, 8 U.S.C.A., Act of June 27, 1952, § 360, and said:

"In spite of the definite restrictions on the use and application of § 503 to bona fide cases, the subcommittee finds that the section has been subject to broad interpretation, and that it has been used in a considerable number of cases, to gain entry into the United States where no such right existed. * *. The subcommittee therefore recommends that the provisions of section 503 as set out in the proposed bill be modified to limit the privilege to persons who are in the United States, * * *." Sen.Rep. 1515, 81 Cong., 2d Sess., p. 777.

It is therefore the opinion of this court that Congress did not intend that a person who enters this country on a foreign passport with a temporary visa should have the right to sue for a declaration of nationality under 8 U.S.C.A. § 1503(a). Since Basma Abed Harake has entered this country on a Lebanese passport with a temporary visa, she has no right to bring this action under § 1503(a), 8 U.S.C.A., even though she may be legally within this country.

The defendants' motion for dismissal of this complaint is granted. An appropriate order may be presented.